## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHANDLER D. KENT,

    *Plaintiff,*

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

    *Defendants*

Case No. 26-cv-686-ABA

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff Chandler D. Kent filed her complaint on February 19, 2026. ECF No. 1. Plaintiff's complaint will be dismissed for failure to state a claim, and accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) will be denied as moot. Lastly, Plaintiff's "motion to appear virtually and to shield her address" (ECF No. 4) will be denied in part and denied as moot in part.

In her complaint, Ms. Kent alleges gross negligence, discrimination, retaliation, and an "organized civil conspiracy" that is "The Targeted Abuse and Trafficking of Vulnerable Adults and Minors for Profit, in the Public, Private, and Non-Profit Sectors of the U.S. Government," ECF No. 1 ¶¶ 47–48(a), against thirty-five Defendants: Executive Office of the President; Murial Bowser, in her official capacity as Mayor of Washington D.C.; U.S. Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; Rachel Morris, in her official capacity as Assistant [State's] Attorney of Maryland; Office of Management and Budget; Equal Employment Opportunity Commission; Office of Personnel Management; Office of the Director of National Intelligence; Consumer Financial Protection Bureau; Department

1

of Agriculture; Food and Nutrition Services; Department of Commerce; Department of

Defense; Wilford Eugene Kent Jr.; Department of Health and Human Services; Florida

Department for Children and Families; Derian Coleman; Alessandro Pagnani; Gissela

Amador; Children's National Hospital; University of Maryland Capital Regional Health

Hospital; Washington Adventist Shady Grove Hospital; Sibley Memorial Hospital;

University of Maryland Bowie Urgent Care; UMMC Privacy Complaints Privacy Officer;

Department of Homeland Security; Department of State; Department of the Treasury;

Department of Veterans Affairs; Federal Bureau of Investigation; Quientin Gore;

Internal Revenue Service; U.S. Post Office; and the United States of America. *Id.* at 2–5.

## I.    BACKGROUND[1]

First, Ms. Kent alleges negligence by various health care professionals. *Id.* ¶¶ 19,

33, 34. Ms. Kent alleges that, on September 5, 2025, she and her children went to

Children's National Hospital and waited for five hours after presenting with "open

wounds resembling '[h]and[], [f]oot, and [m]outh [d]isease." *Id.* ¶¶ 19. After

communicating to staff that she feared for her safety due to a "domestic violence

situation," they were "instantly targeted" when "[n]urses began yelling children's names

in [the] [l]obby despite knowing [their] location," resulting in Ms. Kent and her children

leaving the hospital untreated. *Id.* ¶¶ 19(a)–(c). Ms. Kent also alleges negligence during

a visit to University of Maryland Bowie Urgent Care on September 27,[2] where she

---

[1]  Because the case is at the pleading stage, the Court assumes the truth of Plaintiff's allegations. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.,* 997 F.3d 149, 154—55 (4th Cir. 2021).

[2] The year of this incident is not specified but, given the sequence of events explained in the complaint, the Court will assume that this occurred in 2025.

contends that a "'pattern' of negligence and obstruction of care persisted, as well as false documentation and reporting, and refusals of treatment," and that "while experiencing symptoms in reaction to administered medication we were escorted by a Prince George[']s County Officer off the premises." *Id.* ¶ 33. Lastly, Ms. Kent alleges that, also on September 27, at "University of Maryland Regional Hospital" (presumably referring to the University of Maryland Capital Region Medical Center), she was "repeatedly harassed" when staff made "foreseeable attempts of coercion to repeat [her] children's Social Security numbers," *id.* ¶ 34(a)(i), that she and her children "were refused treatment or acknowledgement of visible wounds," *id.* ¶ 34(b), and that she "observed the antagonizing and abuse of [her] children any time [she] was out of visual line or used the restroom" at this facility, *id.* ¶ 34(b)(ii). Ms. Kent also alleges additional incidents of negligence against unnamed defendants. *See id.* ¶¶ 8(a), 11(c)–(d), (g)–(h).

Ms. Kent also alleges discrimination and retaliation by her employers during her pregnancy, stating that she was "let go while pregnant in retaliation from 3 Links [T]echnology."[3] *Id.* ¶ 11(b). Ms. Kent further alleges that in 2021 she faced retaliation and discrimination at "Rhythm Management after sharing that [she] was pregnant; that was directly correlated to [her] departure." *Id.* ¶ 11(e). Neither 3 Links Technology nor Rhythm Management are named Defendants in this suit.

Lastly, Ms. Kent alleges a "pattern of conspiracy" among various law enforcement officials, government entities, and private actors to "cause imminent harm" to Ms. Kent and her children. *See id.* ¶¶ 21(a)(ii), 30, 31. Ms. Kent cites various incidents, including

---

[3] Plaintiff does not specify when the pregnancy occurred, but, given the sequence of events in the complaint, the Court will assume this occurred around 2020.

the alleged failure of Assistant [State's] Attorney Rachel Morris to "prioritize the safety of [Ms. Kent] and dependents" by engaging in "exploitative phishing expeditions, retaliatory actions, [and] targeted abuse," among other allegations. *Id.* ¶ 15. Ms. Kent also alleges retaliation by "DCF Agent" Derain[4] Coleman (presumably referring to the Florida Department of Children and Families) for "reporting his physical misconduct and intimidating behavior"; Plaintiff alleges that Agent Coleman told Ms. Kent that she "could not receive any assistance if [she] did not work with" him. *Id.* ¶ 39. Ms. Kent states that she subsequently filed a civil suit in Orange County, Florida, and was subsequently "harassed and stalked by Derain Coleman in an attempt to obstruct [her] civil rights." *Id.* ¶ 39(b).

Ms. Kent seeks "treble damages for [her]self and [four] dependents." *Id.* ¶ 50.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, "[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

---

4 The list of Defendants includes a different spelling of this individual's name (ECF No. 1 at 3); for current purposes, the Court will use the spelling "Derain" from the fact section of the complaint.

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court may ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Plaintiff has not paid the fee and has instead moved for *in forma pauperis* status. In such a situation, "the court shall dismiss the case" if it determines that, for example, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

## III.   DISCUSSION

Even construing the pleadings in the complaint liberally, the complaint fails to allege a plausible basis for any cause of action. "While group pleading can be permissible in certain circumstances, it must be 'plausible that each defendant was involved in all of the facts as alleged.'" *McPherson v. Balt. Police Dep't*, 494 F. Supp. 3d 269, 280 (D. Md. 2020) (citing *Spring Nextel Corp. v. Simple Cell, Inc.*, Case No. 13-cv-617-CCB, 2013 WL 3376933, at *2 (D. Md. July 17, 2013)); *see also Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026) ("[T]he complaint must make defendant-specific allegations. The allegations must be particular enough to allow one to infer what each defendant did and knew."). Here, although Ms. Kent names thirty-five Defendants, she fails to even attempt to state a cognizable claim within her complaint against most named Defendants. Ms. Kent only names eleven of the thirty-five Defendants in the facts alleged in the complaint, and she fails to identify actions connected to her claims for the remaining twenty-four Defendants. For these reasons, claims against the Executive

Office of the President, U.S. Department of Justice, Pamela Bondi, Office of
Management and Budget, Equal Employment Opportunity Commission, Office of
Personnel Management, Office of the Director of National Intelligence, Consumer
Financial Protection Bureau, Department of Agriculture, Food and Nutrition Services,
Department of Commerce, Department of Defense, Department of Health and Human
Services, Alessandro Pagnani, Gissela Amador, Washington Adventist Shady Grove
Hospital, Sibley Memorial Hospital, UMMC Privacy Complaints Privacy Officer,
Department of Homeland Security, Department of the Treasury, Department of
Veterans Affairs, Internal Revenue Service, U.S. Post Office, and the United States of
America will be dismissed.

To state a claim for negligence under Maryland law,[5] the plaintiff must allege:
"(1) that the defendant had a duty to protect the plaintiff from injury, (2) that the
defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4)
that the defendant's breach of duty proximately caused the loss or injury." *Pendleton v.
State*, 398 Md. 447, 460 (2007). For the negligence claim against Defendants Children's
National Hospital, University of Maryland Bowie Urgent Care, and University of
Maryland Regional Hospital, Ms. Kent fails to articulate any duty owed to her by
Defendants, how the actions or inactions by each Defendant breached that duty,
whether an injury resulted, and, if so, whether Defendants' actions proximately caused

---

[5] For purposes of the complaint, the Court will assume that Ms. Kent is pleading an
ordinary negligence claim given her general use of the phrase "negligence" (ECF No. 3 ¶
33(a)), rather than medical malpractice. To state claim of medical malpractice under
Maryland law, a plaintiff would need to allege a "medical injury" within the meaning of
the Health Care Malpractice Claims Act. Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01, *et
seq.,* (West 2024).

such injury. Plaintiff has therefore failed to state a claim upon which relief may be granted for negligence against Defendants Children's National Hospital, University of Maryland Bowie Urgent Care, and University of Maryland Regional Hospital, and accordingly, as these are the only claims against these Defendants, all claims against them will be dismissed.

To the extent that Ms. Kent alleges a claim for discrimination against her former employers, 3 Links Technology and Rhythm Management, neither of these entities is named as a defendant here, and further Ms. Kent does not allege that any of the named Defendants are vicariously liable for those employers' behavior. Without more, Ms. Kent has failed to allege how any of the named Defendants are liable for discrimination; therefore, the discrimination claim will be dismissed.

Next, although Ms. Kent alleges a civil conspiracy to harm her and her children by a variety of government officials and other actors, she fails to allege sufficient facts against Defendants to state a cognizable conspiracy claim. To state a claim for civil conspiracy, a plaintiff must allege that there was "(1) a confederation of two or more persons by agreement or understanding; (2) some unlawful or tortious act done in furtherance of the conspiracy or the use of such means to accomplish an act that is not necessarily illegal; and (3) actual legal damage." *Tessemae's, LLC v. McDevitt*, Case No. 20-cv-2013-GLR, 2021 WL 1216669, at *10 (D. Md. Mar. 31, 2021) (citing *Van Royen v. Lacey,* 262 Md. 94, 97–98 (1971)). A civil conspiracy claim requires a plaintiff to have been injured by an act that was itself tortious; "conspiracy" alone "is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 189 (1995) (quoting *Alexander & Alexander, Inc. v. B. Dixon Evander &*

*Assocs.*, 366 Md. 635, 645 n. 8 (1994)). Here, Ms. Kent fails to plausibly allege a confederation of two or more people by agreement or understanding, and furthermore, Ms. Kent fails to plausibly allege an underlying tortious act upon which the conspiracy is based. Furthermore, most incidents that Ms. Kent describes regarding her conspiracy claim involve individuals and entities who are not named Defendants. *See* ECF No. 1 ¶¶ 2(d), 8–9, 11(a), (j)(i), (l), 12–13, 16–17, 21(b)(iv)–(v), 23, 26, 27, 29–30, 32, 35–38, 40. Therefore, Ms. Kent's civil conspiracy claim will also be dismissed.

Accordingly, as the complaint fails to state a cognizable claim against any Defendant, the complaint will be dismissed without prejudice.

Finally, Ms. Kent filed a "motion to appear virtually and shield [her] address" on February 19, 2026. ECF No. 4. To the extent Ms. Kent requests to appear virtually, as the complaint will be dismissed, that request will be denied as moot. Ms. Kent also requests that the Court shield her address, stating that she is requesting this motion because she is "still facing retaliatory abuse presently." *Id*. Without more, the Court finds this insufficient to redact Ms. Kent's home address from the record. Pursuant to Local Rule 102.1(b)(i), self-represented parties, like Ms. Kent, are required to state their name, address, phone number, email address, and fax number on every filing in this Court. Ms. Kent has not provided sufficient reason for why she should be the exception to this District-wide rule. Accordingly, this "motion to appear virtually and shield [her] address" will be denied as moot as to her request to appear virtually and denied as to her request to seal her home address.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS as follows:

1.   Plaintiff's complaint (ECF No. 1) is DISMISSED without prejudice;

2.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is DENIED AS MOOT;

3.  Plaintiff's motion to appear virtually and shield her address (ECF No. 4) is DENIED AS MOOT in part and DENIED in part;

    a.  To the extent Plaintiff requests to appear virtually, the motion is denied as moot;

    b.  To the extent Plaintiff requests the Court to seal her address, the motion is denied; and

4.  The Clerk is directed to mark the case as CLOSED.

Date:  June 10, 2026

_____ */s/* _____
Adam B. Abelson
United States District Judge